DMA: 3-30-24

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>Glenn Floyd ALSUP,<br><br>                Defendant. | Magistrate Case No.: 2:24-mj-08286<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)<br>Bringing In Illegal Aliens<br>Without Presentation (Felony) |

The undersigned complainant being duly sworn states:

On or about March 30, 2024, within the Southern District of California, defendant, Glenn Floyd ALSUP, with the intent to violate immigration laws of the United States, knowing and in reckless disregard of the fact that alien, Diego PAPIAS-Arrezola, and had not received prior official authorization to come to, enter and remain in the United States, did bring to the United States said alien and upon arrival did not bring and present said alien immediately to a Customs and Border Protection Officer at the designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complaint states that this complaint is based on the attached Probable Cause Statement, which is incorporated herein by reference.

_____
Efrain Lopez-Velarde, CBP Officer
United States Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 1st day of April 2024.

_____
HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

2

UNITED STATES OF AMERICA
v.
Glenn Floyd ALSUP,

PROBABLE CAUSE STATEMENT

I, Customs and Border Protection (CBP) Officer Lopez-Velarde declare under penalty of perjury, the following is true and correct.

On March 30, 2024, at approximately 6:56 p.m., while CBP Officer Richmond manned vehicle primary lanes at the Andrade, California Port of Entry, a 2007 white Chevrolet Impala applied for admission into the United States from Mexico, driven by Glenn Floyd ALSUP (ALSUP). ALSUP provided CBP Officer Richmond an Arizona Identification Card and a Missouri Birth Certificate. CBP Officer Richmond noticed a green camouflage backpack in the back seat center floor of the vehicle and asked ALSUP who the bag belonged to, and ALSUP replied that it was his girlfriend's bag. CBPO Richmond obtained a negative oral declaration and searched the bag and noticed a pair of soiled jeans, and a pair of men's boxers. CBP Officer asked ALSUP to open the trunk and noticed a male laying inside the truck. CBP Officer Richmond asked ALSUP to step out of the vehicle. ALSUP was escorted to Secondary Office for further disposition. At the Andrade, California Port of Entry, the international border is marked with a yellow line approximately 300 feet before the Primary Inspection booths. At the time of inspection ALSUP and male in the truck of the vehicle were in the United States.

In the vehicle secondary lot, Canine Enforcement Officer (CEO) Fenzel screened the vehicle ALSUP arrived in. CEO Fenzel's K-9 Soma, alerted by sitting down near the

3

trunk of the vehicle. CEO Fenzel notified CBP Officer Templeman of the alert and discovered an adult male later identified as Diego PAPIAS-Arrezola (PAPIAS) in the trunk of the vehicle. PAPIAS was escorted to the Vehicle Secondary Office for further disposition.

ALSUP and PAPIAS's fingerprints were queried through the Integrated Automated Fingerprint Identification System (IAFIS) with positive results. Record checks of PAPIAS contain no evidence he is in possession of any legal documents allowing his entry into the United States and was deported by an immigration judge on November 08, 2018. ALSUP and PAPIAS were transported to the Admissibility Enforcement Unit (AEU) at the Calexico, California West Port of Entry for further disposition.

In AEU ALSUP was advised of his Miranda Rights to which he stated he understood and was willing to answer questions without the presence of an attorney. ALSUP stated that PAPIAS is his stepdaughter's boyfriend, and that his stepdaughter Rachel MORGAN (MORGAN) asked if ALSUP would bring PAPIAS to the United States. ALSUP was aware that PAPIAS had no legal documentation to enter and reside in the United States. ALSUP claimed that he had done research of bringing in undocumented aliens before leaving his residence in Yuma, Arizona, and stated the only reason he was willing to commit this action is because if caught, ALSUP believed he would only be charged with a misdemeanor. ALSUP stated that he picked PAPIAS up in Mexico approximately .02 miles from the United States and Mexican border.

4

Material Witness PAPIAS stated he was a citizen of Mexico with no legal documents to enter the United States. PAPIAS stated that he and MORGAN had planned PAPIAS's illegal entry for a little over a week and planned to be picked up in Algodones, Mexico. PAPIAS stated that ALSUP picked him up next to the pedestrian primary entrance near the Andrade, California Port of Entry. When PAPIAS entered the vehicle, ALSUP and PAPIAS agreed that PAPIAS should attempt to cross with PAPIAS in the trunk. PAPIAS claimed him and ALSUP found a dirt road for no one to witness their actions, and PAPIAS willingly placed himself in the trunk. PAPIAS stated that if he successfully made it to the United States, PAPIAS was intending to reside illegally in Tucson, AZ and seek illegal employment.

This complaint states the name of the Material Witness as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Diego PAPIAS-Arrezola | Mexico |

Further, the complainant states that he believes said alien is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena; and he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on March 31, at approximately 5:00 P.M.

_____
Efrain Lopez Velarde / Customs and Border Protection Officer

On the basis of the facts presented in the probable cause statement consisting of **(4)** pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on March 30, 2024, in the violation of Title 8, United States Code, § 1324(a)(1)(A)(ii).

_____  March 31, 2024
HON. VALERIE E. TORRES              Date and Time
UNITED STATES MAGISTRATE JUDGE

6